# EXHIBIT B

23CV36515

Filed 10/12/2023 8:07 AM
Lori Oliver
District Clerk
Shelby County, Texas
Lana Parks

CAUSE NO. 23CV36515

| | | |
|---|---|---|
| KENNETH PARKER, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | SHELBY COUNTY, TEXAS |
| STATE AUTOMOBILE MUTUAL | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Kenneth Parker, ("Mr. Parker"), Plaintiff herein, files this Original Petition against State Automobile Mutual Insurance Company ("State Automobile") and, in support of his causes of action, would respectfully show the Court the following:

### I.
### THE PARTIES

1. Mr. Parker is a Texas resident who resides in Shelby County, Texas.

2. State Automobile is an insurance company doing business in the State of Texas which may be served through its registered agent for service of process in the State of Texas, Corporation Service Company, via certified mail at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

### II.
### DISCOVERY

3. This case is intended to be governed by Discovery Level 2.

## III.
## CLAIM FOR RELIEF

4.  The damages sought are within the jurisdictional limits of this court. Mr. Parker currently seeks only monetary relief over $1,000,000 and a judgment for all other relief to which Mr. Parker may be entitled.

## IV.
## JURISDICTION AND VENUE

5.  This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court.

6.  Venue is proper in Shelby County because all or a substantial part of the events or omissions giving rise to the claim occurred in Shelby County TEX. CIV. PRAC. & REM. CODE §15.002(a)(1). In particular, the loss at issue occurred in Shelby County.

## V.
## FACTUAL BACKGROUND

7.  Mr. Parker is a named insured under a property insurance policy issued by State Automobile, with a coverage period of May 21, 2022 through May 21, 2023 bearing policy number 10076125FR. The property provided coverage to a scheduled Dwelling at actual cash value and four farm structures at replacement cost.

8.  The policy also endorsed a cosmetic damage exclusion

9.  On or about April 26, 2023, a storm hit the Joaquin, Texas area, damaging Mr. Parker's dwelling and farm structures. Mr. Parker subsequently filed a claim on his insurance policy.

10. State Automobile improperly denied and/or underpaid the claim.

11. The adjuster assigned to this claim conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages observed

during the inspection, and undervalued the damages observed during the inspection. Specifically, the adjuster and State Automobile acknowledged that the property had been struck by hail and observed damage to the R-panel seams on the metal roofing system. State Automobile denied Mr. Parker's claim on June 13, 2023. The denial letter indicated that despite what State Auto had observed, Mr. Parker's damages were merely "cosmetic" and therefore excluded under the cosmetic damage endorsement.

    12.    The cosmetic endorsement provided as follows:

> We do not cover cosmetic loss or damage to metal roof coverings caused by the perils of windstorm or hail.
>
> Cosmetic loss or damage means only that damage that alters the physical appearance of the roof covering but does not allow the elements to penetrate through the roof covering. Cosmetic loss or damage also means that the loss or damage does not result in the failure of the roof covering to perform its intended function of keeping out the elements.
>
> Roof covering means that roofing material exposed to the weather, and includes, but is not limited to, tin and steel, required in the replacement of a roof covering.
>
> We do cover windstorm or hail damage to roof coverings that result in damage that will allow the elements to penetrate through the roof covering and/or results in the failure of the roof covering to perform its intended function of keeping out the elements.

    13.    The cosmetic exclusion is limited to "roof covering." But, State Auto denied all damages as cosmetic. And, State Automobile denied the claim knowing that damage to the seams, per industry standards, necessarily meant that the hail damage "allow[ed] the elements to penetrate through the roof covering."

    14.    The adjuster's and State Auto's unreasonable investigation led to the underpayment of Mr. Parker's claim.

    15.    Given the wording of the cosmetic exclusion, State Auto was aware of its liability but denied policy benefits rightfully owed to the insured, Mr. Parker.

16. Moreover, State Automobile performed an outcome-oriented investigation of Mr. Parker's claim, which resulted in a biased, unfair and inequitable evaluation of Mr. Parker's losses on the property.

## VI.
## CAUSES OF ACTION

17. Each of the foregoing paragraphs is incorporated by reference in the following:

### A.  Breach of Contract

18. State Automobile had a contract of insurance with Mr. Parker. State Automobile breached the terms of that contract by wrongfully denying and/or underpaying the claim and Mr. Parker was damaged thereby.

### B.  Prompt Payment of Claims Statute

19. The failure of State Automobile to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

20. Mr. Parker, therefore, in addition to Mr. Parker's claim for damages, is entitled to interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

### C.  Bad Faith

21. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

22. Defendant violated § 541.060 by:

   (1) misrepresenting to Mr. Parker a material fact or policy provision relating to coverage at issue;

   (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

4

    (3)    failing to promptly provide to Mr. Parker a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

    (4)    failing within a reasonable time to affirm or deny coverage of a claim to Mr. Parker or submit a reservation of rights to Mr. Parker; and

    (5)    refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

23. Defendant's violations of Chapter 541 of the Texas Insurance Code enumerated above caused damages to Plaintiff in at least the amount of policy benefits wrongfully withheld.

24. Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to Texas Insurance Code § 541.152(a)-(b).

**D.  Attorneys' Fees**

25. Mr. Parker engaged the undersigned attorney to prosecute this lawsuit against State Automobile and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

26. Mr. Parker is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because he is represented by an attorney, presented the claim to State Automobile, and State Automobile did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

27. Mr. Parker further prays that he be awarded all reasonable attorneys' fees incurred in prosecuting his causes of action through trial and any appeal pursuant to Sections 541.152 542.060 of the Texas Insurance Code.

**VII.**

## CONDITIONS PRECEDENT

28. All conditions precedent to Mr. Parker's right to recover have been fully performed, or have been waived by Defendant.

## VIII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Mr. Parker prays that, upon final hearing of the case, he recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Mr. Parker be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Mr. Parker may show himself to be justly entitled.

                      Respectfully submitted,

                      **DALY & BLACK, P.C.**

                      By: */s/ James Winston Willis*
                             James Winston Willis
                             TBA No. 24088654
                             jwillis@dalyblack.com
                             Richard D. Daly
                             TBA No. 00796429
                             rdaly@dalyblack.com
                             ecfs@dalyblack.com
                             2211 Norfolk St., Suite 800
                             Houston, Texas 77098
                             713.655.1405—Telephone
                             713.655.1587—Fax

                      **ATTORNEYS FOR PLAINTIFF**

**5470 L B J FRWY, STE 100**
**DALLAS, TX 75240**



CERTIFIED MAIL

9589 0710 5270 0675 1574 64

STATE AUTOMOBILE MUTUAL INSURANCE
COMPANY
C/O CORPORATION SERVICE COMPANY

211 EAST 7TH STREET, SUITE 620
AUSTIN            TX 78701