IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| KENNETH PARKER,<br><br>  Plaintiff,<br>vs.<br><br>STATE AUTO MUTUAL INSURANCE COMPANY,<br><br>  Defendant. | NO.9:23-CV-00202-MJT |

## REPORT AND RECOMMENDATION DENYING STATE AUTO'S CORRECTED MOTION TO PRECLUDE ATTORNEY'S FEES AND PLEA IN ABATEMENT

This case is assigned to United States District Judge Michael Truncale. On May 6, 2024, Judge Truncale referred Defendant State Auto Mutual Insurance Company's ("State Auto") *Corrected Motion to Preclude Attorney's Fees and Verified Plea in Abatement* (Doc. No. 11) to the undersigned United States Magistrate Judge for consideration and recommended disposition. Doc. No. 18.

**I.    Background**

Plaintiff Kenneth Parker originally filed this lawsuit in the 273rd District Court in Shelby County, Texas. Doc. No. 1-2. Parker alleged he was a named insured under a property insurance policy issued by State Auto that provided coverage for his dwelling and four farm structures in Joaquin, Texas. Doc. No. 1-2, ¶4. Parker filed a claim with State Auto when a hailstorm damaged the properties in April of 2023. Doc. No. 1-2, ¶9. But State Auto denied the claim, asserting that all the damage fell within an endorsement in the policy that did not cover cosmetic loss or damage. Parker argues that his case falls within an exception to the endorsement because the hail damage allowed the elements to penetrate the roof covering, resulting in the failure of the roof to perform

its intended function. Doc. No. 1-2, ¶12. Accordingly, Parker brings breach of contract, prompt payment and bad faith claims against State Auto. *See* TEX. INS. CODE §§ 542.060 and 541.060.

On November 10, 2023, State Auto removed this case to this Court under its diversity jurisdiction. Doc. No. 1; 28 U.S.C. § 1441(a). In its state court Answer, State Auto pleaded that Parker failed to provide the adequate pre-suit notice required by TEX. INS. CODE § 542A.003(b)(2), and, as a result, filed the pending *Motion to Preclude Attorney's Fees and Verified Plea in Abatement*. Doc. No. 4, ¶16; Doc. No. 11. Predictably, Parker filed a response arguing he gave State Auto adequate notice under Chapter 542A.003. Doc. No. 13. Both parties responded to each other via a reply and sur-reply. Doc. Nos. 15, 16. Because the pre-suit letter adequately alleged the amount State Auto allegedly owes on the claim for damage or loss to covered property, the motion should be denied.

## II.    Applicable Law

Chapter 542A of the Texas Insurance Code applies to an action on a claim against an insurer involving the same claims Parker alleges. TEX. INS. CODE § 542.002A. Not later than 61 days before a plaintiff files a lawsuit, he must send notice of (1) the statement of the acts or omissions giving rise to the claim; (2) the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property; and (3) the amount of reasonable and necessary attorney's fees incurred by the claimant, calculated by multiplying the number of hours actually worked by the claimant's attorney, as of the date the notice is given and as reflected in contemporaneously kept time records, by an hourly rate that is customary for similar legal services. TEX. INS. CODE § 542A.003(b)(1)-(3).

If a defendant establishes it was entitled to, but not given, this pre-suit notice stating the specific amount alleged to be owed under (2) above, the court may not award to the claimant any

attorney's fees incurred after the date the defendant files the pleading with the court. TEX. INS. CODE ANN. §542A.007(d). Moreover, the defendant is entitled to abatement of the case until the 60th day after the date a proper pre-suit notice is given. TEX. INS. CODE § 542.005.

### III.  Analysis

State Auto argues Parker did not submit the proper notice under § 542.003(b)(2) because it did not properly allege the "specific amount alleged to be owed [by State Auto] on the claim for damage to or loss of covered property." Doc. No. 11, p.2. Below is an excerpted portion from Parker's notice:

> **"[T]he specific amount alleged to be owed by [you] on the claim(s) for damage to or loss of covered property":**
>
> To date, you have paid $0.00 in policy benefits on Claimant's claim under the Policy for damage to or loss of covered property. The specific amount alleged to be owed by you on Claimant's claim under the Policy for damage to or loss of covered property is $480,000.00 less any voluntary payments of policy benefits made by you on the claim between the date of this notice and entry of judgment, if any.

Doc. No. 11, p. 13.

While State Auto seems satisfied with this paragraph in the notice, it seizes upon footnote four appearing at the end, which states "Claimant seeks other damages against you as a result of your conduct with regard to Claimant's claim under Policy Number [sic], including but not limited to penalty interest, additional damages, and/or consequential damages." Doc. No. 11, p. 13 fn.4. State Auto claims that this footnote seeking "additional damages," or as described in its reply as "an unspecified x-factor of 'additional damages,'" changes the specific amount owed—$480,000—into an *unspecific* amount owed. Doc. No. 15, p.3; Doc. No. 11, ¶14 ("Because Plaintiff's letter unequivocally states that the stated amount 'is not a settlement demand' and seeks an unspecified amount of additional damages, Plaintiff's letter unambiguously fails to comply with

3

Section 542A.003(b)(2)"). In response, Parker asserts that § 542A.003 only requires a specific amount alleged to be owed *for damage to or loss of covered property*, not a specific amount for each category of damages. Doc. No. 16, p. 2.

State Auto overreads the requirement of § 542.003(b)(2). By its own terms, this section only requires notice of the amount owed for damage to or loss to covered property. Parker clearly indicated that figure is $480,000. Other than the amount of reasonable and necessary attorney's fees incurred by the claimant, § 542A.003 does not require a specific amount a claimant is also seeking for penalty interest, additional damages, and/or consequential damages to which Parker may entitled to under the law. *See e.g.* TEX. INS. CODE ANN. § 542.060 (award of interest for Chapter 542A violation); TEX. INS. CODE ANN. § 541.152(b) (award of treble damages for knowing violation); *Signature Indus. Services, LLC v. Int'l Paper Co.*, 638 S.W.3d 179, 186 (Tex. 2022) (consequential damages recoverable for breach of contract). "The statutory language does not mandate that the notice letter contain a fixed and final total dollar sum allegedly owed by the insurer." *611 Carpenter LLC v. Atl. Cas. Ins. Co.*, No. 1:23-CV-00823-DII, 2023 WL 8481036, at *4 (W.D. Tex. Dec. 7, 2023), *report and recommendation adopted*, No. 1:23-CV-823-DII, 2024 WL 251947 (W.D. Tex. Jan. 23, 2024) (quoting *Combs v. Allstate Tex. Lloyd's*, No. 4:23-CV-02901, 2023 WL 8237268, at *2 (S.D. Tex. Nov. 27, 2023)). "The fact that this sum is based on the information known by the Plaintiff at the time, and could be subject to change in the future, does not render the notice invalid." *Montiel v. Allstate Vehicle & Prop. Ins. Co.*, No. 2:23-CV-186-Z-BR, 2024 WL 1184424, at *5 (N.D. Tex. Mar. 19, 2024); s*ee also Koncak v. Am. Sec. Ins. Co.*, No.

3:22-CV-1160-G, 2023 WL 51035, at *2 (N.D. Tex. Jan. 3, 2023) ("The court declines to read any additional requirements for pre-suit notice into section 542A.003(b)).[1]

## IV.  Conclusion

Because Parker's pre-suit notice adequately stated the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property, State Auto is not entitled to preclude his attorney's fees or abatement.  Therefore, the *Corrected Motion to Preclude Plaintiff's Claim for Attorney's Fees and Verified Plea in Abatement* (Doc. No. 11) should be denied.

## V.  Objections

Under 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation.  Objections to this report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report.  *See* 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72(b)(2).  A party who objects to this report is entitled to a de novo determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made.  *See* 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to de novo review by the United States District

---

[1] The sole case cited by State Auto, *In re Westchester Surplus Lines Ins. Co.*, No. 07-22-00329-CV, 2023 WL 4488269 (Tex. App.—Amarillo July 10, 2023, no pet.), is easily distinguishable.  In *Westchester*, the notice letter did not differentiate the damages between two different storms, failed to allege the amount owed by each particular insurer, and stated the amount owed does not necessarily include damages "covered under the policy." *Id*. at *4.

Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SIGNED this 14th day of June, 2024.

_____
Zack Hawthorn
United States Magistrate Judge